COWART, Judge.
The original owner of a large tract of land, commencing to develop part of it in a series of platted lot subdivisions, in 1983 filed of record a set of express restrictions entitled “Declaration of Covenants and Restrictions For Orange Tree Estate Homes, Section One” (Official Record Book 3400 Pg. 1353, et seq., Orange County Public Records) and “Master Covenants for Orange Tree” (Official Record Book 3400 Pg. 1411, et seq., Orange County Public Records). These covenants and restrictions specifically related to a certain subdivision (Orange Tree Country Club, Unit Two) but also provided that they would relate to such additional property as to which they were thereafter applied and that the developer could amend them. In 1986 the developer, by supplemental declaration (Official Record Book 3843, pgs. 2596 and 2598, Orange County Public Records), made the Master Covenants applicable to lots in Orange Tree Country Club, Unit Five.
Appellants, Louis L. Roeder, III, and Lynn K. Roeder, (landowners) bought Lot 40 in the Orange Tree Country Club, Unit Five, subdivision.
A dispute arose between the landowners and the developer when the landowners discovered a drainage swale across a portion of their lot. After litigation and extensive negotiations the landowners and developer entered into a settlement agreement which generally provided that in return for a permanent pipeline easement across a portion of Lot 40, the developer agreed to convey to the landowners by Special Warranty Deed an “additional parcel” of land lying north of the northern line of Lot 40 and Lake Marsha. In the settlement agreement the developer expressly agreed that within 20 days after delivery of the deed to the “additional parcel,” the developer would record a Declaration to the effect that the “additional parcel would be excepted from the lakefront, lakeshore, lakebed and access restrictions contained in the Declaration of Covenants and Restrictions for Orange Tree Estate Homes, Section One, and the Master Covenants.”
A second dispute arose as to the interpretation of the settlement agreement and after the landowners filed another action for specific performance of the settlement agreement, the developer conveyed the “additional parcel” to the landowners describing it by metes and bounds and thereafter filed a “Second Supplemental Declaration” providing that lands on an attached Exhibit A were excepted from the application of certain provisions of the Declarations of Covenants and Restrictions for Orange Tree Estate Homes and the Master Covenants. Exhibit A described both Lot 40 and the “additional parcel.”
Thereafter when the landowners undertook to construct a residential dock on the “additional parcel,” appellee home owners association, created and existing under the *825 Declaration, sought to require the landowners to submit, for approval, plans to the Architectural Review Board of the association. The landowners declined on the basis that the “additional parcel” was not subject to the restrictions or to the authority of the association.
The association filed this action against the landowners, seeking to enjoin them from making improvements to their property without the approval of the plans therefor by the association. The landowners moved for summary judgment on the grounds that their proposed dock was located entirely on their “additional parcel” and the “additional parcel” was entirely north of the northern platted boundary line of the Orange Tree Country Club, Unit Five and was not subject to the Covenants and Restrictions set forth in the Master Covenants for Orange Tree. The landowners filed an affidavit from a surveying firm to the effect that the proposed dock was located north of the northern boundary of Orange Tree Country Club, Unit Five.
The trial court entered a partial summary judgment in favor of the landowners, finding that the “additional parcel” and the dock were not within the boundaries of Orange Tree Country Club, Unit Five, and that the covenants and restrictions did not encumber the “additional parcel” on which the proposed dock was to be located.
The association then filed a motion for summary judgment alleging that the landowners had purchased Lot 40 of Orange Tree Country Club, Unit Five, which was subject to the restrictions and covenants; that the subdivision represented a common scheme or development; that the landowners acquired the “additional parcel” with notice that it was subject to a common scheme of development subjecting it to the recorded restrictions and covenants.
The landowners then filed a second motion for summary judgment referring to their partial summary judgment and the fact that their “additional parcel” was not encumbered by the Master Covenants and Declaration of Covenants. The trial court denied the landowners’ motion for summary judgment and granted the association’s motion for summary judgment and enjoined the landowners from construction until the plans for the dock were submitted and approved by the association. The landowners appeal. We reverse.
The complaint in this case is founded upon allegations that Lot 40 and the “additional parcel” acquired by the landowners were subject to the recorded Master Covenant and Covenants and Restrictions; that said documents required the landowners to submit plans for all improvements to the association for approval; that the landowners had commenced construction of a dock without the approval of the home owners association; and that the home owners association was entitled to an injunction prohibiting the landowners from construction of the proposed dock.
Except as “excepted” by the “Second Supplemental Declaration”, Lot 40 of the landowners’ property is subject to the recorded restrictions but their “additional parcel” is not.
Under certain circumstances when restrictive covenants are imposed as part of a general plan or scheme for the development of a subdivision[1] such covenants can be enforced against a purchaser of a lot in that subdivision even when the restrictions have been omitted from the deed to such purchaser. See Hagan v. Sabal Palms, Inc., 186 So.2d 302 (Fla. 2d DCA 1966), cert. denied, 192 So.2d 489 (Fla.1966); Annotation, Omission From *826 Deed of Restrictive Covenant Imposed by General Plan of Subdivision, 4 ALR2d 1364 (1949). Although argued by counsel for appellee association on their motion for summary judgment that theory was not alleged in the complaint and is not applicable here.
The complaint in this ease is based on the theory that the landowners’ property was part of the subdivision in which Lot 40 is located and was subject to the subdivision restrictions. In fact, as the trial court found by partial summary judgment, the landowners’ “additional parcel” is not in the subdivision and not subject to the recorded subdivision restrictions. Furthermore, the recorded Declarations and Master Covenants themselves expressly negative any implication that application of the restrictive covenants by supplemental declarations to subdivided lands raised any implied covenant that property retained or later acquired by the developer would necessarily be subject to those restrictive covenants.[2]
The summary judgment and injunctive relief in favor of the home owners association is reversed and the cause remanded with directions that the trial court enter summary judgment in favor of the landowners.
SUMMARY JUDGMENT REVERSED; CAUSE REMANDED.
DAUKSCH and COBB, JJ., concur.

. Two key elements are required for enforcement of "scheme of development" which are not present in this case: (1) the existence of an entire unified tract (subdivision) (the “additional parcel” is outside the platted subdivision in the instant case) and (2) that Lot 40 of the subdivision Orange Tree Country Club, Unit Five, was subject to recorded restrictive covenants does not imply that land outside the subdivision was subject to a claim that it was part of a plan or scheme of development of the subdivision. Notice of the existence of recorded restrictive covenants relating to a recorded subdivision does not constitute constructive notice to purchasers of unplatted land adjoining the subdivision that said unplatted land outside the subdivision is part of a general plan or scheme of development of the subdivision and is also subject to restrictions expressly limited in applicability to lots in the subdivision.

. In this case, the Declaration and the Master Covenants expressly provided that the common scheme of development related only to certain lands "as located from time to time on the various plats of Orange Tree Country Club” and expressly provided that nothing obligated the developer to develop further portions of the development under the common scheme relating to lands made subject to the restrictive covenants by recorded supplemental declarations. The subject "additional parcel" in this case is not part of a platted subdivision and is not part of the scheme of subdivision development and is not subject to the recorded subdivision restrictions. In addition, the "second supplemental declaration” was executed by the developer after the developer parted with title to the "additional parcel” and the obvious purpose of the "second supplemental declaration” was to "except” land from restrictions, not to impose restrictions on land not previously subject to them.